# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| Eric Ratzmann,<br><br>   Plaintiff,<br><br>v.<br><br>Duvera Billings Services, LLC d/b/a EasyPay Finance; Security Credit Corporation; Equifax Information Services, LLC; and TransUnion, LLC,<br><br>   Defendants. | **Complaint for a Civil Case**<br><br>Case No. 8:24-cv-294<br><br>**JURY TRIAL DEMAND** |

Comes now Plaintiff, Eric Ratzmann, by and through counsel undersigned, upon information and belief, herby complains as follows:

## INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on Plaintiff's consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of Florida.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681(a)(c).

4. Defendant, Duvera Billings Services, LLC d/b/a EasyPay Finance, (hereinafter "EasyPay") is a corporation existing and operating under the laws of the State of Florida and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies.

5. At all times pertinent hereto, EasyPay was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6. Defendant, Security Credit Corporation, (hereinafter "Security Credit") is a corporation existing and operating under the laws of the State of Florida and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies.

7. At all times pertinent hereto, Security Credit was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

8. Defendant, TransUnion, LLC, ("Transunion") is a credit reporting agency, licensed to do business in Florida.

9. Defendant, Equifax Information Services, LLC, ("Equifax") is a credit reporting agency, licensed to do business in Florida.

10. Defendant Transunion and Equifax and at all times relevant hereto were, regularly doing business in the State of Florida.

11. Transunion and Equifax are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

12. Transunion and Equifax furnish such consumer reports to third parties under contract for monetary compensation.

13. At all times pertinent hereto, Defendant Transunion and Equifax were a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

## JURISDICTION AND VENUE

14. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

15. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Florida and Defendants do business in Florida.

16. Personal jurisdiction exists over Defendants as Plaintiff resides in Florida, Defendants have the necessary minimum contacts with the state of Florida, and this suit arises out of specific conduct with Plaintiff in Florida.

## FACTUAL ALLEGATIONS

17. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants EasyPay, Security Credit, Transunion, and Equifax (collectively, "Defendants"), and has suffered particularized and concrete harm.

18. Transunion and Equifax are two of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

19. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

20. Transunion and Equifax each have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(b).

21. After reviewing Plaintiff's Transunion consumer credit reports Plaintiff discovered a EasyPay account, account number 354487* (the "EasyPay Account") being reported in error – specifically the EasyPay Account is unknown to Plaintiff and believed to be the product of fraud.

22. Plaintiff filed an Identity Theft Affidavit with the Federal Trade Commission identifying the EasyPay Account as unknown.

23. After reviewing Plaintiff's Equifax consumer credit reports Plaintiff discovered a Security Credit account, account number 332933** (the "Security Credit Account"), and the EasyPay Account being reported in error – specifically the Security Credit and Easy Pay Accounts are both unknown to Plaintiff and believed to be the product of fraud.

24. Plaintiff filed an Identity Theft Affidavit with the Federal Trade Commission identifying the EasyPay Account and Security Credit Account (collectively the "Accounts") as unknown.

25. The inaccurate Accounts have become a permanent component of the Plaintiff's credit profile and are reported to those who ask to review the credit history of Plaintiff.

26. The false information regarding the Accounts appearing on Plaintiff's consumer reports harms the Plaintiff because they do not accurately depict Plaintiff's credit history and creditworthiness.

## Plaintiff's Written Dispute

27. In October 2023 Plaintiff sent a written dispute to Transunion ("Transunion Dispute"), disputing the inaccurate information regarding the EasyPay Account reporting on Plaintiff's Transunion consumer report.

28. In October 2023 Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Security Credit Account and EasyPay Account reporting on Plaintiff's Equifax consumer report.

29. Despite the clarity and detail provided in the Transunion Dispute and Equifax Dispute (together, the "Written Disputes"), the Accounts continued to appear on Plaintiff's Equifax and or Transunion consumer report with a balance past due.

30. Upon information and belief, Transunion forwarded Plaintiff's Transunion Dispute to Defendant EasyPay.

31. Upon information and belief, Equifax forwarded Plaintiff's Equifax Dispute to Defendant Security Credit and EasyPay.

32. Upon information and belief, EasyPay received notification of Plaintiff's Transunion Dispute and Equifax Dispute.

33. Upon information and belief, Security Credit received notification of Plaintiff's Equifax Dispute from Equifax.

34. EasyPay did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying EasyPay Account information with respect to the disputed information and the accuracy of the EasyPay Account.

35. Security Credit did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Security Credit Account information with respect to the disputed information and the accuracy of the Security Credit Account.

36. Transunion and Equifax did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

37. Upon information and belief, EasyPay failed to instruct Transunion and Equifax to remove the false information regarding the EasyPay Account reporting on Plaintiff's consumer reports.

38. Upon information and belief, Security Credit failed to instruct Equifax to remove the false information regarding the Security Credit Account reporting on Plaintiff's consumer report.

39. Transunion and Equifax each employed an investigation process that was not reasonable and did not remove the false information regarding the Accounts identified in Plaintiff's Written Disputes.

40. At no point after receiving the Written Disputes did EasyPay, Security Credit, and/or Transunion and Equifax communicate with Plaintiff to determine the veracity and extent of Plaintiff's Written Disputes.

41. Transunion and Equifax relied on its own judgment and the information provided to them by EasyPay and Security Credit rather than grant credence to the information provided by Plaintiff.

42. Transunion and Equifax published the false information regarding the Accounts to third parties.

## COUNT I – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

43. Plaintiff re-alleges and reaffirms the above paragraphs 1-7; 9-20; and 22-42 as though fully set forth herein.

44. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Accounts reporting on Plaintiff's consumer reports.

45. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

46. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

47. Equifax's conduct, action, and inaction was willful, rendering Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

48. In the alternative, Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

49. Plaintiff is entitled to recover costs and attorneys' fees from Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

50. Plaintiff re-alleges and reaffirms the above paragraphs 1-7; 9-20; and 22-42 as though fully set forth herein.

51. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Accounts reporting on Plaintiff's consumer reports.

52. Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

53. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

54. Equifax's conduct, action, and inaction was willful, rendering Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

55. In the alternative, Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

56. Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – TRANSUNION

### FAIR CREDIT REPORTING ACT VIOLATION– 15 U.S.C. §1681e(b)

69. Plaintiff re-alleges and reaffirms the above paragraphs 1-8; 10-22; and 25-42 as though fully set forth herein.

70. After receiving the Transunion Dispute, Transunion failed to correct the false information regarding the EasyPay Account reporting on Plaintiff's consumer reports.

71. Transunion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

72. As a result of this conduct, action and inaction of Transunion Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

73. Transunion's conduct, action, and inaction was willful, rendering Transunion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

74. In the alternative, Transunion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

75. Plaintiff is entitled to recover costs and attorneys' fees from Transunion pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – TRANSUNION

### FAIR CREDIT REPORTING ACT VIOLATION– 15 U.S.C. §1681i

76. Plaintiff re-alleges and reaffirms the above paragraphs 1-8; 10-22; and 25-42 as though fully set forth herein.

77. After receiving the Transunion Dispute, Transunion failed to correct the false information regarding the EasyPay Account reporting on Plaintiff's consumer reports.

78. Transunion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

79. As a result of this conduct, action and inaction of Transunion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

80. Transunion's conduct, action, and inaction was willful, rendering Transunion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

81. In the alternative, Transunion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

82. Plaintiff is entitled to recover costs and attorneys' fees from Transunion pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V – EASYPAY

(Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

57. Plaintiff re-alleges and reaffirms the above paragraphs 1-5 and 8-42 as though fully set forth herein.

58. After receiving the Written Disputes, EasyPay failed to correct the false information regarding the Easy Pay Account reporting on Plaintiff's consumer report.

59. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant EasyPay's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant EasyPay's representations to consumer credit reporting agencies, among other unlawful conduct.

60. As a result of this conduct, action, and inaction of Defendant EasyPay, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

61. Defendant EasyPay's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

62. In the alternative, Defendant EasyPay was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

63. Plaintiff is entitled to recover costs and attorney's fees from Defendant EasyPay pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### COUNT VI– SECURITY CREDIT

(Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

64. Plaintiff re-alleges and reaffirms the above paragraphs 1-3 and 6-42 as though fully set forth herein.

65. After receiving the Equifax Dispute, Security Credit failed to correct the false information regarding the Security Credit Account reporting on Plaintiff's consumer report.

66. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of Defendant Security Credit's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Security Credit's representations to consumer credit reporting agencies, among other unlawful conduct.

67. As a result of this conduct, action, and inaction of Defendant Security Credit, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

68. Defendant Security Credit's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

69. In the alternative, Defendant Security Credit was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

70. Plaintiff is entitled to recover costs and attorney's fees from Defendant Security Credit pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated:     January 30, 2024

*/s/ Trescot Gear*
Gear Law, LLC
1405 W. Swann Ave.
Tampa, FL 33606

Mailing Address:
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
Attorney for Plaintiff